IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MAUI VACATION RENTAL ASSOCIATION, INC., a Hawaii corporation, | ) ) ) | CIVIL NO. 07-00495 JMS/KSC |
| | ) | ORDER GRANTING MOVANT'S |
| Plaintiff, | ) ) | MOTION TO QUASH |
| vs. | ) ) | |
| COUNTY OF MAUI; JEFF HUNT, Director of MAUI COUNTY PLANNING COUNTY PLANNING DEPARTMENT, as an individual, and DOES 1-10, inclusive; | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## <u>ORDER GRANTING MOVANT'S MOTION TO QUASH</u>

On December 3, 2007, Movant Charmaine Tavares ("Movant") was served a subpoena on behalf of Plaintiff Maui Vacation Rental Association, Inc. ("Plaintiff"), commanding Movant to appear and testify at a December 19, 2007 hearing on Plaintiff's Motion for Preliminary Injunction. On December 6, 2007, Movant filed a Motion to Quash Subpoena Directed to Mayor Charmaine Tavares ("Motion to Quash"). For the reasons stated herein, the court GRANTS Movant's Motion to Quash.

## I.  **BACKGROUND**

On October 5, 2007, Plaintiff filed a Motion for Preliminary

Injunction to prevent Defendant County of Maui ("County") and Jeff Hunt,

Director of the County Planning Department ("Hunt"), (collectively,

"Defendants"), from enforcing the County's laws that prohibit transitional

vacation rentals ("TVRs") from operating without first receiving a permit.

Because the hearing on this motion was scheduled for February 4, 2008, and the

County had indicated it would begin enforcement by January 1, 2008, the court

held a status conference on November 8, 2007.  During this status conference, the

court agreed to reschedule the Motion for Preliminary Injunction to December 10,

2007,[1] and further agreed that Plaintiff could conduct discovery to support its

Motion for Preliminary Injunction.

Plaintiff deposed Movant on November 28, 2007 for approximately

one and a half hours.  Movant answered each of Plaintiff's questions, and her

counsel never instructed her not to answer.  *See generally* Movant's Ex. A.  When

the Plaintiff had not finished the deposition in the initial hour Movant had

scheduled, Movant rescheduled her next appointment to allow the deposition to

---

[1]  During a December 3, 2007 hearing on Defendants' Motion to Dismiss, the court
rescheduled the hearing on the Motion for Preliminary Injunction to December 19, 2007 to allow
time for the parties to submit supplemental briefing regarding the Motion to Dismiss.

continue. *Id.* at 43.  At the end of the deposition, Plaintiff's counsel stated that

"[m]y understanding is we are under time pressure here, and also there are some

questions that I may move to compel answers to.  So, I am taking that into

account.  We are through for the present at least and maybe we are through for all

time."[2] *Id.* at 64-65.  In response, Movant's counsel urged Plaintiff "to keep going

until you are finished. . . . You have gone now an hour and a half.  She does have

other time pressures, but you don't get two bites of the apple, so let's just keep

going." *Id.* at 65.  Plaintiff refused, and asserted that "[w]e are not going to ask

any more questions now period."  *Id.*

On December 3, 2007, Movant was served a subpoena on behalf of

Plaintiff, commanding Movant to appear and testify at the December 19, 2007

Preliminary Injunction hearing.  On December 6, 2007, Movant filed a Motion to

Quash, and an Ex Parte Motion to Shorten Time for the court to hear its motion.

On December 7, 2007, the court granted Movant's Ex Parte Motion to Shorten

Time, ordered that Movant submit her deposition transcript for the court's review,

and ordered that Plaintiff file any response by December 11, 2007.  Plaintiff filed

---

[2]  To date, Plaintiff has not moved to compel answers to any questions asked to Movant
during her deposition.

3

its response on December 12, 2007,[3] and the court held a telephonic hearing on December 13, 2007.

## II. ANALYSIS

Movant requests the court to quash the subpoena because (1) testifying would take time away from Movant fulfilling her job duties as Mayor of Maui and be an undue burden, and (2) Movant already provided testimony to Plaintiff through deposition.  The court agrees with both of Movant's arguments.

Generally, "high public officials 'should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions.'" *Green v. Baca*, 226 F.R.D. 624, 649 (C.D. Cal. 2005) (*quoting In re United States*, 985 F.2d 510, 512 (11th Cir. 1993); *see also Kyle Eng. Co. v. Kleppe*, 600 F.2d 226, 231-32 (9th Cir. 1979) ("Heads of government agencies are not normally subject to deposition and the district court's order directing [the Administrator of the Small Business Administration] to answer interrogations in lieu of a deposition does not appear unreasonable" (internal citation omitted)). The court recognizes that Movant, as Mayor of Maui, has duties and time

---

[3] In filing its Opposition, Plaintiff neither provided any explanation for its untimely filing nor sought leave to file it late.  At the hearing, however, Plaintiff explained that electricity outages prevented filing the Opposition on time.  While the court does not condone Plaintiff's disregard for its Order and failure to notify the court and Defendants, the court nonetheless considers Plaintiff's Opposition in granting Movant's Motion to Quash.  Plaintiff is cautioned that it must follow all orders and rules of this court.

constraints that would make attending a hearing in Honolulu a burden on both Movant and the County.

Further, granting the Motion to Quash would not prejudice Plaintiff because Plaintiff has already been afforded full opportunity to question Movant. The court allowed Plaintiff to proceed with discovery for the specific purpose of gathering evidence to support its Motion for Preliminary Injunction. A review of Movant's deposition transcript shows that she answered each of Plaintiff's questions. When the hour-allotment Movant had scheduled for the deposition proved too short, Movant rescheduled her appointments to allow the deposition to continue. Movant's Ex. A at 43. Plaintiff voluntarily chose to end the deposition, despite Defendants' cautioning that Movant may not be made available again. *Id.* at 64-65.

Given Plaintiff's full opportunity to question Movant, Plaintiff has provided no valid reason why Movant should be forced to answer additional questions, whether through live testimony at the December 19, 2007 hearing, or another deposition. Indeed, Plaintiff has identified no testimony that it could not have obtained at the time of deposition. Plaintiff nonetheless argues that its "desire" for Movant to testify at the hearing arises from Movant's allegedly inconsistent positions and pattern of evasion shown in her deposition and prior

public statements.   Plaintiff's complaints about the content of Movant's deposition testimony do not alter the facts -- Movant answered each of Plaintiff's questions and Plaintiff chose to end its questioning.  Moreover, as shown in Plaintiff's Opposition, Plaintiff can present any of Movant's alleged inconsistencies and/or evasion in answers by using the testimony Plaintiff already received.

### III.  <u>CONCLUSION</u>

For the reasons stated above, the court GRANTS Movant's Motion to Quash.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 13, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Maui Vacation Rental Association, Inc. v. County of Maui, et al.*, Civ. No. 07-00495 JMS/KSC;
Order Granting Movant's Motion to Quash